First case on my calendar is United States v. Stephen Dove. Good morning, Your Honors. May it please the Court, Jennifer Mellon from the Federal Public Defender's Office on behalf of Mr. Dove. Our appeal raises several issues, several of them are related to Mr. Dove's conspiracy conviction and one is related to his sentencing, specifically whether the District Court correctly analyzed whether Mr. Dove is a career offender. I'll start with the issues related to the conspiracy conviction, unless the Court would prefer to start with the sentencing issue. And the first issue I'll address is the issue of the amended indictment. In this case, the Court amended the indictment after all of the evidence was completed. The Court amended the indictment at the charge conference and the issue in this case is whether the amendment violated the grand jury clause because it broadened the possible bases for Mr. Dove's conviction. Essentially what the Court did... Was it an amendment or was it simply a redaction to make things cleaner and clearer? It was not simply a redaction because it fully removed the names of the other... That clause was left in, so the fact that there were more conspirators than just the two was covered in the indictment, even though their particular names were not. So how does that change things? Well, the concern that I raise, Your Honor, is that initially the amendment had specified that there were six co-conspirators. That's a six-person-sized conspiracy. Once those names were removed and it simply stated the two conspirators, Mr. Dove and Mr. Ingram and others, the size of the conspiracy alleged was different. I think that's important because of... There was evidence, right, of others? There was evidence of others, but not of specifically how many. Really the evidence focused on Mr. Ingram and the undercover, and then the third buy, which was Mr. Ingram, the undercover, and Mr. Dove. I thought there was another one buy there involving Ingram and another person. Yes, and there was one other person. But the number is not the six that was originally... He wasn't involved in that one. No, he was not. He was involved only in the third. So the way that I looked at this question was in terms of the elements of a conspiracy. What the government had to prove is that there was a single enterprise and that Mr. Dove agreed to participate in the enterprise. And the question that this case raises is, well, what constitutes a single enterprise if the government can simply change the alleged enterprise after the evidence has come in? It doesn't change the enterprise, just change the names, deleted the names of those who participated. Ingram and Dove would be enough if it was just them and additional people who had come in and come out of the conspiracy. But you have a conspiracy at least between Ingram and Dove, right? Well, that was the evidence that came in was of the conspiracy between Ingram and Dove, but not of the conspiracy and the enterprise that had originally been charged. It's pretty clear that there was evidence of a conspiracy between Dove and Ingram. Was there any evidence that Dove was involved with heroin? Well, the district court did find that there was, that there was a conversation regarding heroin during the third buy. Most of that conversation happened not with Mr. Dove, but between Mr. Ingram and the undercover police officer who were in the car. So, I mean, that really was the focus of that, of the evidence. Was there any evidence of Mr. Dove's involvement with, before May 22nd, before the last day of the conspiracy? No, Your Honor. And why wasn't this conspiracy between Mr. Dove and Mr. Ingram a subset of the charged conspiracy? Well, I think the difference is— Is that the very variance you're claiming? Yes. But why isn't it a subset? Why isn't it included within? Because I think at a minimum the government has to prove the existence of the enterprise that it charged in the indictment. The whole, I mean, the Fifth Amendment really is, one of the core concerns of the Fifth Amendment is that defendants have notice of what, of the criminal conduct with which they're charged. And that's really the government's argument in this case, is that Mr. Dove had notice of the court criminality. What's the difference between the conspiracy alleged in the indictment and what was charged to the jury, other than the names? Is the, well, the names are relevant to the scale of the conspiracy. Did you, did you, did you try the case? I did not, Your Honor. But was there any suggestion made to the court? First of all, was this objected to? I don't recall. Was this objected to? Yes, Your Honor, it was. And did counsel for Dove say that one of the reasons for this, that our objection is we want to have the scope of the conspiracy remain the same in terms of numbers of people? Yes. And did he offer a possible, one way of doing that would be that there were six other members that could have been in the charge? Yes, that was explicitly discussed during the trial. What, and the court expressed concern about this. When the government moved to amend the indictment to remove the names, what the court said is, my concern is that at this point the government is changing the allegations in this case. The court specifically pointed to the fact that the core of the defense was that Mr. Dove had not participated in the enterprise alleged in the indictment. That was Mr. Dove's defense from the beginning. And in fact, the court, the district court said this is really a close call. The district court in the end decided to let the case go to the jury with this amended conspiracy charge, but there was an extended colloquy regarding this exact issue at the trial court level. And in a case like this where the defendant's defense from the beginning of the trial is that the enterprise that the government has alleged was that he didn't know of it and that he never agreed to participate in it. Well, a defendant doesn't have to know the total scope of a conspiracy. All he has to know is that there's a conspiracy and that he's joining into it to achieve its purposes. But he doesn't have to know all the conspirators. He doesn't have to know all of the conspirators, but he has to know that there is a broader enterprise. I mean, that I think flows from some of the decisions at both the Supreme Court and this court regarding the difference between single and multiple conspiracies. Well, yeah. So there's got to be multiple conspiracies as cardiac us. And here there was a hub of Ingram, at least of Ingram and Dove. And it seemed to me the evidence was pretty clear that this wasn't – I mean, you make the argument later on of a buyer-seller situation, but this was being purchased for redistribution, it seems to me. And so there's that aspect of the conspiracy. Now, all the sources and who the other customers were is another – if Dove didn't know about it, and it isn't offered, why – if the full scope of the conspiracy had been proved with all the other defendants, I don't know how that would have helped you. The core of the conspiracy was presented to the jury. Well, Mr. Dove's argument at trial was that, in fact, that full conspiracy could not have been proven because he would never – he was not aware of it and did not agree to participate in it. I mean, his argument was that that single enterprise, as alleged, did not exist. So, I mean, if – yeah, so that would be my response to that. Thank you, Your Honor. You have reserved two minutes for – Thank you. We'll hear from the government. Go ahead. Good morning, Your Honors. May it please the Court. My name is Ryan Harris, and I represent the government in this appeal. There are four issues before the Court. I'll start first with the constructive amendment issue. There was no constructive amendment here because the defendant was on clear notice of the core of criminality being proven against him. He knew that he was alleged to have participated in a conspiracy with Elijah Ingram. He knew that that included his activity – What was the conspiracy alleged in the indictment? The conspiracy alleged in the indictment was a conspiracy between a date – an earlier date ending on May 22, 2012, included numerous members of six in total. Like a five-month span thereabouts? Yes, Your Honor. It included six members. It included the distribution of cocaine and heroin. He knew that he was charged with conspiring. What was the evidence – is there any evidence that Dove was involved before the last day of the conspiracy? There was no evidence presented at trial. However, as this Court has – That's what we're talking about, right? The evidence that was presented at trial? Yes, Your Honor. However, the Court – Was there any evidence presented that he knew any of the other individuals named in the indictment other than Ingram? There was no evidence presented at trial. However, the evidence showed that Stephen Dove was aware that Elijah Ingram was engaged in redistributing this cocaine and this heroin and therefore knew that there were other members. As this Court has repeatedly held, a single act is sufficient to show evidence of a conspiracy. Would you agree that you have to show that Mr. Dove willfully joined the broader conspiracy, the conspiracy that involved the other individuals and that took place over a five-month span? No, we do not, Your Honor. At best, the – You don't have to prove that he willfully joined that conspiracy that was charged in the indictment? Your Honor, the government properly narrowed the scope of its presentation of evidence to the sole defendant here. It presented a subset of that conspiracy at trial, and the Court has repeatedly held that that is not a variance that is not – If you narrowed the conspiracy by asking for a redaction after the evidence closed, isn't that an amendment? That is not an amendment in violation of the Fifth Amendment. I would point the Court to the United States v. Miller, a Supreme Court – Are you agreeing that there was a narrowing of the conspiracy? Yes, there was, Your Honor. However, that did not result in a violation of the Fifth Amendment nor a prejudicial variance. I would point the Court to the United States v. Miller. In Miller, that defendant was charged with committing mail fraud both by defrauding his insurer by consenting to a burglary as well as lying about the value of the laws. The government only presented one of those two schemes at trial, and the Supreme Court held that a constructive amendment does not occur when, quote, a defendant is tried under an indictment that alleges a certain fraudulent scheme but is convicted based on trial proof that supports only a significantly narrower and more limited, though included, fraudulent scheme. That's precisely the circumstances at issue here. Stephen Dove was charged in a conspiracy. When the five other members pled guilty, the government properly narrowed the scope of its evidence. How is this different from Kaktiakos? I mean, in other words, I certainly agree there was ample evidence of a conspiracy between Dove and Ingram. In fact, Ingram said, you know, I'm introducing you to this guy, the two of you deal with each other in the future, I don't want to be . . . You know, it could be that it was a narrower, smaller conspiracy just between the two of them. So how is this different from Kaktiakos? This case is eminently distinguishable from Kaktiakos. In Kaktiakos, 32 defendants were charged in a conspiracy, 19 went to trial, and the government, instead of proving a single conspiracy, it proved eight separate conspiracies. The Court held that this resulted in prejudicial spillover and specifically distinguished the Burger v. United States case because of, quote, the sheer difference in numbers and both of defendants and of conspiracies proven. This Court has repeatedly confined Kaktiakos to cases where there is a substantial number of defendants going to trial and a substantial number of conspiracies proven at trial. Here there was one defendant that went to trial and one conspiracy proven. I think the more apt case is Burger v. United States, which says, and I quote, it is settled by the great weight of authority that although an indictment charges a conspiracy involving several persons and the proof establishes the conspiracy against some of them only, the variance is not material. That's directly on point here. And this Court has also held that to be the case in United States v. Geibel. It held that this kind of narrowing is subject to a harmless error analysis. And it's articulated certain factors for the Court to consider in deciding whether such a variance is material. As defense counsel or appellant conceded in their brief, not one of those factors is present here. There was no Pinkerton instruction. The statements of persons not in the conspiracy were not used against him. There was no prejudicial spillover from a large number of defendants. Indeed, he went to trial alone. And no shocking or inflammatory evidence came in against him. Because he cannot establish that the variance that the Court took or the government took in narrowing the scope of its presentation of evidence was prejudicial, there is no reversible error here. I would also just note that at trial, Stephen Dove entered a standing objection to the government's presentation of evidence of any drug sales not directly involving Stephen Dove. And so Stephen Dove cannot have it both ways. At trial, objecting to the presentation of evidence that would perhaps establish the participation of other members in this conspiracy and then on appeal argue that the government failed to produce that evidence. Counsel? I take it that Kodiakos was a situation where you have one person in the center selling to hypothetically, say, 15 different customers. And there's no conspiracy. It's not a single conspiracy. It's 15 conspiracies. That's correct, Your Honor. But here, you don't have that problem because Dove is selling to Ingram or supplying Ingram with drugs, which would be the equivalent of one of the 15 conspiracies in Kodiakos. That's absolutely correct. And therefore, the fact that if a big conspiracy had been charged with multiple defendants, you would have ended up with a, the jury was asked to find a single conspiracy based upon multiple customers, then you might have been closer to Kodiakos. But here it wasn't. The jury was simply asked, did this one little conspiracy exist? That's correct, Your Honor. And I would just note that in United States v. Berger and United States v. Miley, both cases that involved perhaps more, a closer call than this case, in that there were multiple conspiracies proven at trial, the court in both of those cases both held that the variance was not fatal because the number of defendants at trial and the number of conspiracies proven did not rise to the levels, the extreme levels in Kodiakos. In other words, for example, in Berger, I believe there were only two conspiracies proven, a total of five defendants who went to trial. The court held that this was not a prejudicial variance here. Here, it's even more clear-cut. But in that situation, one conspiracy was charged? One conspiracy was charged. However, the court concluded two conspiracies were in fact proven. However, the court held this was not a prejudicial variance. Counsel, this is all within the control of the government. It was the government's decision to charge six people on this conspiracy and then to only offer proof about the defendant and one other person. So if there is a variance that affects defendants' constitutional rights, why should we give you the benefit of the doubt? The government properly exercised its prosecutorial discretion, Your Honor, to confine the evidence to the sole defendant that went to trial. The Seventh Circuit and this court has both held repeatedly that's a proper exercise of prosecutorial discretion. Two cases cited in my brief. The indictment charges a six-person, five-month heroin-slash-cocaine conspiracy? Yes, Your Honor. And the government narrows this to a two-person, one-day cocaine conspiracy? Cocaine and heroin, Your Honor. Well, there was some little discussion about some heroin at the end. Okay, leave that in. But you don't think that that is a significant variance, particularly if the change is made after the evidence is closed? Your Honor, that's an entirely appropriate variance here. I think that defense counsel or Stephen Dove will be arguing on appeal if the government had introduced. The defense counsel is trying the case on the basis that it is a six-person, five-month conspiracy. He is going to argue that this was a conspiracy but not the one charged. And then suddenly it's changed so that the one he was going to argue was indeed the one that's put to the jury. You don't think that that presents at least a question? Your Honor, I don't. I think that there is a variance here. However, again, it was an appropriate one given the fact that only one of those defendants went to trial. And I would just note that, again, this Court has held that a defendant's interaction with a single other co-conspirator and as well as a single act can be sufficient to show his participation in a broader conspiracy here. And so the government did not put on evidence of months of months of drug sales in which Stephen Dove was not directly involved. Arguably, the defendant would have argued that there was prejudicial spillover in that circumstance because he would have argued that that evidence spilled over into the question of whether he himself participated here. The government properly narrowed the scope of its presentation when those five other defendants pled out. Just, again, to reiterate with the buyer-seller question, I would note that the government presented a number of factors at trial that weigh in favor of there being a conspiracy and not merely a buyer-seller agreement as articulated in my brief. If the Court has no further questions, then I'm happy to rest my papers. Will you agree that it would be prudent for this panel to hold this case for pending Supreme Court decisions on the issue of the robberies? Yes, Your Honor. I think that given the fact that this case is very similarly situated... Echols and Jones. Yes, this case is similarly situated to Corey Jones, and therefore I recommend the Court stay its opinion pending the outcome of Echols and then Jones. Thank you. Thank you, Your Honor. And I trust you, Counsel, would also think it was prudent for us to hold it waiting for guidance? Yes, Your Honor. Thank you. Yes, we would have no objection to that. I would just like to come back to this question. Counsel, the microphone down. Yes. I would like to come back to the question of the indictment and the notice that is given by the indictment to the defendant of the charges against which he will be defending himself. I'm hearing the government concede that there was a variance, but the government argues that it was a completely appropriate variance under the case law. How do you respond to that? Yes, Your Honor, we would disagree because that variance went to the heart of Mr. Dove's defense in this case. When Mr. Dove was deciding whether to go to trial, what he was assessing was whether he was a part of the conspiracy alleged in that indictment. His defense from the beginning was that he was not. I understand that the government's position is, well, he should have been on notice that he was involved in the core criminality. I guess my issue with that is what exactly is the core criminality in this case? The way Mr. Dove and his counsel understood that was that the core criminality alleged was a six-person conspiracy spanning multiple months, focused on heroin sales, and involving 30 undercover transactions. When this circuit and the Supreme Court have looked at what it means to engage in a conspiracy, they've looked at multiple factors. Is there some understanding as to a mutual benefit from this enterprise? Overt acts, the frequency, duration of that person's engagement with the conspiracy. What Mr. Dove and his counsel presented to the jury was . . . What Mr. Dove and his counsel were strategizing when they were considering how to defend this was that those did not exist. Of the 30 transactions, how many involved cocaine? Only the last that was presented to the jury. There were some pills involved in some, I gather? That's correct. How many of the 30 involved heroin, approximately? Either heroin or pills were involved in the remainder. The core of criminality in this case is the distribution of drugs, and that he was certainly aware of. He was aware of the distribution of drugs. The core of criminality in this case was an agreement to conspire with others to distribute drugs. In fact, Mr. Dove was also charged with just sale. Are you saying that in order for him to be convicted of conspiracy, he has to conspire with more than one person himself? If there's a conspiracy, then a knowing member of the conspiracy need not have transactions with all the conspirators, or even a majority, or even more than one to be a member of the conspiracy, if you know there's a conspiracy afoot. That's the question, was did he know that there was a conspiracy afoot, and did he specifically know that the conspiracy as alleged in the indictment was afoot? That is the core concern, and I will rest on that. Thank you. Thank you. Thank you both for a reserved decision, and unlikely we will wind up holding this case for the Supreme Court in Beckles.